IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2007

**STATE OF TENNESSEE v. LARRY DAVIS**

**Appeal from the Criminal Court for Shelby County**
**No.05-04504    Chris Craft, Judge**

_____

**No. W2007-00138-CCA-R3-CD  - Filed May 12, 2008**

_____

Appellant, Larry Davis, was convicted by a Shelby County jury of attempted aggravated kidnapping.
As a result, he was sentenced as a Range III persistent offender to a fourteen-year sentence.
Appellant appeals, arguing that the evidence is insufficient to support the conviction and that the trial
court imposed an excessive sentence.  Following our review of the record and the applicable
authorities, we determine that the evidence was sufficient to support a conviction for attempted
aggravated kidnapping and that the trial court properly sentenced Appellant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E.
GLENN, JJ., joined.

Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the appellant, Larry Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney
General; William L. Gibbons, District Attorney General, and Greg Gilbert, Assistant District
Attorney General, for the appellee, State of Tennessee.

**OPINION**

In the early afternoon on September 5, 2004, Susan Jabbour, the victim, was enjoying a
vigorous walk on Anderson Street through her midtown Memphis neighborhood.  The victim often
walked for exercise but normally walked in the morning rather than in the middle of the day.  While
exercising, the victim saw a silver car pass by her on the street.  The car was driven by a black male
who waved at the victim.  The victim thought that this was strange, as she did not recognize the man
driving the car.  A few moments later, the victim saw the same silver car backing into an alley.  The
victim also noticed someone working or gardening in a yard that she passed by on the street.

The victim heard footsteps behind her and turned to see Appellant, a dark-skinned black man with a thin build, approaching her. Appellant was taller than the victim and was wearing a white tee shirt with an emblem on it and dark pants. The victim was scared and started walking faster. As the victim increased her sped, Appellant began to run after her. The victim tried to run away, but Appellant grabbed her from behind and put his hand over her mouth, pulling her to the ground. The victim screamed and was so scared that she wet her pants.

At about the same time, Kimberly Moore, an agent for the Tennessee Bureau of Investigation, was jogging through the neighborhood. Ms. Moore was jogging down Harbert Avenue when she saw the victim walking on Anderson Street in the middle of the street. Ms. Moore waved to the victim because she recognized her. Ms. Moore also saw Appellant walking behind the victim. She noticed that he had a strange gait. Ms. Moore sensed that something was not quite right, so she stopped to make sure that the victim made it safely to the intersection. At that point, Ms. Moore heard the victim scream. Ms. Moore saw Appellant with his hand over the victim's mouth and his other hand wrapped around the victim's body. Appellant picked up the victim, who was in the fetal position. The two were on the grassy part of the sidewalk. Ms. Moore approached the scene and yelled at Appellant to stop. Suddenly, Appellant let the victim go and ran away. The victim saw an "orange streak" go by when Appellant let her go. She later realized that it was Ms. Moore who was chasing Appellant away from her. Ms. Moore saw Appellant drop the victim and run away. Ms. Moore noticed that Appellant ran with his hands in front of his body as if he were trying to hold his pants up. Ms. Moore could see Appellant's underwear as he began to run.

When Appellant ran away, the victim ran to the nearest house and asked the people inside to call the police. Ms. Moore chased Appellant. He ran into an alley where a gray four-door Saturn was located. Ms. Moore was face-to-face with Appellant at that time. She yelled out the tag number to the vehicle so that she would remember it later on. Appellant drove away in the Saturn. Another man showed up with a cell phone as the Appellant was driving away. Ms. Moore grabbed the phone and called the police.

When the police arrived, Ms. Moore and the victim spoke to them about the incident. The victim was visibly shaken and hysterical. The victim received several scratches that bled on her chin, neck and arm, but she did not seek medical attention as a result of her injuries. Ms. Moore was able to provide the tag number of the gray car to the police. The car was located on September 8, 2004. Appellant was one of the passengers in the car. He was detained at that time and later gave a statement to the police. Appellant admitted that he assaulted the victim but told police that he was not armed with a weapon. Appellant stated:

> I saw this woman walking fast down the street and she turned [on another street]. I backed up in this alley down the street and got out of the car. I started walking behind her. She turned around and saw me behind her and started walking faster. I caught up to her and reached around her neck with my right arm and held it around her neck. She started hollering and I put my left hand over her mouth. She started wiggling and went down on the ground. I saw this other lady running over towards

-2-

us and that is when I let her go. I ran back to the car and got in. I pulled off and left. The other woman was behind the car when I pulled off.

Appellant claimed that he just wanted to "scare" the victim because he "was mad at [his] girlfriend."

In May of 2005, the Shelby County Grand Jury indicted Appellant with one count of aggravated kidnapping and one count of attempted aggravated rape. Prior to trial, the State nolle prossed the attempted aggravated rape charge. After a jury trial, Appellant was convicted of attempted aggravated kidnapping. The trial court sentenced Appellant as a Range III persistent offender to fourteen years for the conviction. After the denial of a motion for new trial, Appellant seeks a review of the sufficiency of the evidence and his sentence.

*Analysis*

Appellant argues on appeal that the evidence is insufficient to support his conviction for attempted aggravated kidnapping. Specifically, he contends that there was a "lack of evidence establishing the mens rea of the defendant, as well as the removal or confinement of the victim." The State disagrees, arguing that the evidence is sufficient to support the conviction.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State." *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S .W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from reweighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions of witness credibility, the weight and value of evidence, and resolution of conflicts in the evidence are entrusted to the trier of fact. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996).

Under Tennessee law, false imprisonment occurs when one person "knowingly removes or confines another unlawfully so as to interfere substantially with the other's liberty." T.C.A. § 39-13-302(a). False imprisonment becomes aggravated kidnapping when, among other things, the victim suffers bodily injury. T.C.A. § 39-13-304(a)(4). "A person commits criminal attempt who,

acting with the kind of culpability otherwise required for the offense . . . [a]cts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part." T.C.A. § 39-12-101(a)(2).

Appellant contends that the State failed to present evidence that Appellant "attempted to remove the victim from the scene" or "confine the victim within the meaning of false imprisonment." Instead, Appellant argues that the evidence suggests that an assault occurred. When viewed in a light most favorable to the State, the evidence shows that Appellant grabbed the victim and placed his hand over her mouth, pulling her to the ground. Appellant was seen by Ms. Moore holding the victim in the fetal position. Appellant dropped the victim only when approached by Ms. Moore. Appellant ran away from the scene and later admitted to police that he attacked the victim. The victim suffered cuts and scrapes to her face, neck and chin as a result of the incident.

Based on the evidence presented, any rational trier of fact could conclude that Appellant's holding and lifting Ms. Jabbour following his initial assault on her was for the purpose of removing her from a public street in order to further confine her. Appellant only released Ms. Jabbour because of the intervention of Ms. Moore. The evidence is more than sufficient to support the verdict. In fact, the evidence would arguably be sufficient to sustain a completed kidnapping.

*Sentencing*

Appellant next argues that the trial court imposed an excessive sentence of fourteen years for the conviction for attempted aggravated kidnapping. Specifically, Appellant argues that the trial court imposed an enhancement factor, that the defendant has a previous history of unwillingness to comply with conditions of a sentence involving release in the community, in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and the Sixth Amendment. Further, Appellant argues that the trial court failed to properly consider all mitigating factors. The State argues that the trial court's determination that Appellant had a previous history of criminal convictions was ample justification for enhancing Appellant's sentence from ten to fourteen years. Further, the State argues that any error in applying the second enhancement factor was harmless and that the trial court properly mitigated Appellant's sentence by one year to reflect Appellant's diagnosis as "mildly mentally retarded."

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the presentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing

and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of the sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-210(a), (b), -103(5); *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).[1]

In the case herein, Appellant was convicted of attempted aggravated kidnapping. As a Range III persistent offender convicted of a Class C felony, the range of punishment for Appellant was ten to fifteen years. *See* T.C.A. § 40-35-101. In sentencing Appellant, the trial court determined that Appellant had a previous history of criminal convictions in addition to those necessary to establish the range and that he had failed to comply with the conditions of a sentence involving release into the community. *See* T.C.A. § 40-35-114(1) & (8). As noted by the State, the trial court also found that Appellant's sentence should be mitigated one year on the basis of Appellant's diagnosis as "mildly mentally retarded."

Recently, in response to *Cunningham v. California*, 549 U.S. ___, 127 S.Ct. 856 (2007), the Tennessee Supreme Court issued an opinion on remand from the United States Supreme Court in *State v. Gomez*, 239 S.W.3d 733, 737 (Tenn. 2007) ("*Gomez II*") that affects our review of sentencing issues, specifically as to the application of enhancement factors to determine a defendant's sentence. On initial review of the issues in *State v. Gomez*, 163 S.W.3d 632, 650 (Tenn. 2005) ("*Gomez I*"), which was filed on April 15, 2005, the court concluded that the defendants were limited to plain error review of their sentencing claims regarding the Sixth Amendment due to their failure to preserve the issues for plenary review. In *Gomez II*, the court adhered to its decision that the defendants had waived plenary appellate review of their sentencing claims, but determined that in light of the *Cunningham* decision, a trial court's enhancement of a defendant's sentence on the basis of judicially determined facts other than the defendant's prior convictions violates the

---

[1] In response to *Blakely v. Washington*, 542 U.S. 296 (2004), the Tennessee Legislature amended Tennessee Code Annotated section 40-35-210 so that felonies now have a presumptive sentence beginning at the minimum of the sentencing range. *Compare* T.C.A. § 40-35-210(c) (2003) *with* T.C.A. § 40-35-210(c) (2006). This amendment became effective on June 7, 2005. The legislature also provided that this amendment would apply to defendants who committed a criminal offense on or after June 7, 2005. 2005 Tenn. Pub. Act ch. 353, § 18. In addition, if a defendant committed a criminal offense on or after July 1, 1982 and was sentenced after June 7, 2005, such defendant can elect to be sentenced under these provisions by executing a waiver of their ex post facto protections. *Id*. Appellant herein committed the offenses on September 5, 2004, and was sentenced on November 1, 2006. There is no waiver executed by Appellant in the record herein. Thus, the amendment to Tennessee Code Annotated section 40-35-210 does not apply to Appellant.

defendant's constitutional rights under the Sixth Amendment to the United States Constitution. *Gomez*, 239 S.W.3d at 740.

In the case herein, Appellant's sentencing hearing was held on November 1, 2006, and his motion for new trial was filed on November 2, 2006, both after the filing of the *Gomez I* opinion. Appellant did not raise a challenge to his sentence based on the Sixth Amendment at his sentencing hearing or in his motion for new trial. Instead, Appellant raises the issue for the first time on appeal. In *Gomez I*, the court determined that the Sixth Amendment issue was waived because the defendants "did not raise this constitutional challenge at their . . . sentencing hearing or in their motions for new trial, nor did they raise it in the Court of Criminal Appeals." *Gomez*, 163 S.W.3d at 648. After the release of the court's opinion in *Gomez I*, this Court determined that a failure to raise the Sixth Amendment challenge to a sentence at the sentencing hearing results in a waiver of the issue for plenary review. *See, e.g., State v. Mickey Lee Williams*, No. E2004-01617-CCA-R3-CD, 2005 WL 2240736, at *5 (Tenn. Crim. App., at Knoxville, Sept. 15, 2005), *perm. app. denied*, (Tenn. Feb. 21, 2006); *State v. Karl Blake*, No. M2004-02731-CCA-R3-CD, 2005 WL 2205877, at *5 (Tenn. Crim. App., at Nashville, Sept. 8, 2005); *State v. Billy R. Shelley*, No. E2004-00145-CCA-R3-CD, 2005 WL 1798637, at *4 (Tenn. Crim. App., at Knoxville, Jul. 29, 2005), *perm. app. denied*, (Tenn. Dec. 19, 2005). Under similar circumstances as these presented here, *Gomez II* instructed the lower courts of this state that sentencing issues regarding the application of enhancement factors in violation of the Sixth Amendment can be reviewed only via plain error review as embodied in Tennessee Rule of Criminal Procedure 52(b). *Gomez*, 239 S.W.3d at 737.

Appellate courts are advised to use plain error review sparingly in recognizing errors that have not been raised by the parties or have been waived due to a procedural default. *State v. Adkisson*, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994); *see also State v. Bledsoe*, 226 S.W.3d 349, 354 (Tenn. 2007) Because Appellant's previous criminal convictions more than justified the enhancement of his sentence, we choose not to review Appellant's sentence via plain error. The presentence report indicates that Appellant had an extensive criminal history, including, among other things, four convictions for theft as well as convictions for aggravated assault, aggravated robbery, and reckless endangerment with a deadly weapon. Appellant had so many prior convictions that he was a Range III persistent offender for sentencing purposes. This issue is waived.

As to Appellant's complaint that the trial court failed to apply appropriate mitigating factors, we note that the trial court mitigated Appellant's sentence from fifteen years to fourteen years on the basis of a mental health diagnosis, even though there was proof in the record that Appellant was "malingering." Appellant argues that the trial court should have further mitigated his sentence because he "voluntarily" released the victim and the crime was committed under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his criminal conduct. *See* T.C.A. § 38-13-304(b)(2); 40-35-113(11). We disagree. The record did not support the application of these mitigating factors. Appellant only released the victim when approached by Ms. Moore. Further, we fail to see what proof is in the record to support the contention that Appellant did not have a sustained intent to violate the law.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE